THOMPSON & LITTLE, INC. v. HENRY COLVIN AND MARION R. HARRIS

No. 7912SC901

(Filed 20 May 1980)

**Frauds, Statute of § 5; Contracts § 27.1— sale of restaurant equipment—assumption of debt by subsequent purchaser—existence of contract—statute of frauds inapplicable**

> In an action to recover on sales contracts for restaurant equipment, evidence was sufficient to support a finding that defendant agreed to assume the original restaurant owner's indebtedness where the evidence tended to show that defendant offered to take over the indebtedness and plaintiff agreed upon condition that some documentation be provided; plaintiff did not specifically state that this document must evidence the assumption agreement, but instead intended a document showing that the original owner had transferred the equipment to defendant; defendant provided such a document and told plaintiff not to bother the original owner anymore, "that everything would be under him"; plaintiff released the original owner from liability; and defendant subsequently made two payments on the equipment. Furthermore, since defendant's agreement to assume the indebtedness was neither a promise to answer for the debt of another nor a contract for the sale of goods for $500 or more, the statute of frauds did not apply, and plaintiff was not required to enter into evidence a memorandum of the agreement.

APPEAL by plaintiff from *Brewer, Judge.* Judgment entered 24 May 1979 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 25 March 1980.

Plaintiff alleges that it entered into two conditional sale contracts for certain items of restaurant equipment with defendant Colvin and that Colvin is in default on his payments under the agreements. In the alternative, plaintiff alleges that on 29 May 1977, the parties entered into a novation of the sale contracts, by which defendant Harris assumed liability for payments under the agreements, that defendant Colvin was released, and that Harris is in default. Plaintiff has taken a voluntary dismissal with prejudice as to defendant Colvin. Defendant Harris (defendant) answered, denied that he agreed to assume the indebtedness, and pleaded the Statute of Frauds as a defense. Defendant moved for summary judgment, which was denied.

At trial, plaintiff presented evidence that the conditional sale agreements with Colvin were entered into in April and June 1976. The equipment sold was installed in the A & T Restaurant. In May 1977, Colvin contacted W. D. O'Quinn, plaintiff's president, and told him that he had a "money-man" who wanted the equipment. A meeting was arranged for around 18 May with O'Quinn, Colvin, and defendant present.

O'Quinn testified:

"That meeting was about Mr. Harris taking over the contracts for the . . . equipment . . . . I discussed this matter with Mr. Harris regarding his assuming the indebtedness on these contracts. His response was that he wanted to come in and take them over. I told him I couldn't until I got something more than word-of-mouth to convert these contracts over to him . . . and I told him he'd have to go back, or I would have to get a contract from the lawyer to draw up so that it would show that this is a regular transaction. I didn't know — only word-of-mouth that he bought the whole thing . . ."

A second meeting was arranged for 24 May 1977. To that meeting, defendant brought a document entitled "Deed of Release" which was signed by Colvin and which quitclaimed Colvin's interest in the equipment installed in the A & T Restaurant. O'Quinn testified that "[t]his is the document that I referred to as stating in the earlier meeting that I wanted to show that Mr. Colvin had transferred the equipment to Mr. Harris." At this meeting, defendant asked for an itemized breakdown of the cost

of the equipment "so that his company could take over the payments." This information was given to defendant. O'Quinn testified further that "[a]fter Mr. Harris brought me the Deed of Release, he told me strictly not to bother Mr. Colvin any more at any time and that everything would be under him." No document was prepared showing that defendant agreed to assume Colvin's indebtedness.

In May and August 1977, plaintiff received checks marked "for equipment A & T Restaurant" and signed by Aronul Harris, defendant's wife. She testified that these checks were written because plaintiff was threatening to pull the equipment out of the building, and the tenant was thinking of moving. The checks were written against the money received from the tenant of the restaurant.

Colvin testified that in January 1977, he transferred to defendant the A & T Restaurant Building and the land on which it was located, and later discussed with him defendant's taking over Colvin's indebtedness to plaintiff on the restaurant equipment. Defendant wanted to know what was owed on the equipment, and Colvin told him. He gave defendant "all the contracts and the deeds and everything." Colvin did not recall the date of the May meeting with O'Quinn and defendant, but at that meeting, he told O'Quinn that he had signed everything over to defendant. The "Deed of Release" was drawn up after that meeting. At the meeting, O'Quinn agreed to drop Colvin from any indebtedness on the accounts, and after that, Colvin made no more payments and was never billed further.

O'Quinn, recalled, testified that it was at the first meeting that an agreement was reached that defendant would assume Colvin's indebtedness. At that time, defendant had not received from O'Quinn information about the amount owed, but defendant already had gotten the figures from Colvin. Defendant "did not ask any questions about those contracts. The only thing he said was, 'I know what is on it, and I accept it as it is.'"

At the close of plaintiff's evidence, defendant moved for a directed verdict, which was granted. Plaintiff appeals.

*Rose, Thorp, Rand & Ray, by Ronald E. Winfrey, for plaintiff appellant.*

*Malone, Johnson, DeJarmon & Spaulding, by C. C. Malone, Jr., for defendant appellee.*

ERWIN, Judge.

A motion for a directed verdict under G.S. 1A-1, Rule 50, of the Rules of Civil Procedure raises the question of whether the evidence, considered in the light most favorable to the plaintiff, would support a verdict in his favor. *Cutts v. Casey,* 278 N.C. 390, 180 S.E. 2d 297 (1971). In the present case, we find that the evidence presented is sufficient to support a verdict for plaintiff and that a directed verdict for defendant was improper.

The evidence, taken in the light most favorable to the plaintiff, shows the following. After plaintiff and Colvin had executed the conditional sale agreements and the equipment had been installed, Colvin transferred to defendant the land and building and discussed with him defendant's taking over the indebtedness on the equipment. Colvin gave defendant the sale contracts and information about the amount due. Plaintiff, defendant, and Colvin then met, and at that meeting, defendant said that he wanted to "come in and take [the contracts] over." Plaintiff told defendant this could not be done by word-of-mouth; there would have to be a writing. The parties met again a few days later, and to that meeting, defendant brought a document which quitclaimed to defendant all of Colvin's interest in the equipment. At that time, plaintiff provided to defendant information about the amount due on the contracts, and defendant told plaintiff "not to bother Mr. Colvin any more at any time and that everything would be under him." Subsequently, plaintiff received from defendant two checks marked "for equipment A & T Restaurant."

Upon this evidence, the jury could find that at the first meeting, defendant offered to take over Colvin's indebtedness, and plaintiff agreed, upon the condition that some documentation be provided. O'Quinn did not specifically state that this document must evidence the assumption agreement, and in fact, he testified that what he meant was a document "to show that Mr. Colvin had transferred the equipment to Mr. Harris." At the second meeting, defendant provided such a document and told plaintiff not to

bother Colvin anymore, "that everything would be under him." Subsequently, defendant made two payments on the equipment. The evidence is sufficient to support a finding that defendant agreed to assume Colvin's indebtedness. There is evidence that plaintiff released Colvin from liability, which would provide consideration for the agreement. Since such a contract would be neither a promise to answer for the debt of another nor a contract for the sale of goods for $500 or more, as defendant alleged, the Statute of Frauds does not apply, and plaintiff was not required to enter into evidence a memorandum of the agreement.

The judgment of the trial court is reversed. We need not address plaintiff's second argument, since the purported error to which it relates may not recur at a

New trial.

Judges HEDRICK and ARNOLD concur.